12-895
Giller v. Oracle USA, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand thirteen.

Present:
        ROBERT A. KATZMANN,
        GERARD E. LYNCH,
                *Circuit Judges*,
        KATHERINE B. FORREST,
                *District Judge.*[*]

─────────────────────────────────────────────

JAMES GILLER,

        *Petitioner-Appellant*,

                v.                                                    No. 12-895

ORACLE USA, INC.,

        *Respondent-Appellee*.

─────────────────────────────────────────────

For Petitioner-Appellant:        GARY MARTIN MEYERS, Law Offices of G. Martin Meyers, P.C., Denville, NJ

────────────────────

        [*] The Honorable Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellee:       CHRISTOPHER JOHN COLLINS, Kelley Drye & Warren, LLP, New York, NY

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

In this case involving the arbitration of an employment dispute, Plainitff-Appellant James Giller appeals from a February 13, 2012 ruling issued by the United States District Court for the Southern District of New York (Koeltl, *J.*), granting Defendant-Appellee Oracle's motion to dismiss Giller's petition to vacate the arbitration award. Giller argues that the arbitrator manifestly disregarded the law in rejecting most of his breach of contract and discrimination claims against Oracle, his former employer. We presume the parties' familiarity with the facts and procedural history of this case.

When reviewing the district court's denial of a petition to vacate an arbitration award, we review questions of law *de novo* and findings of fact for clear error. *Scandinavian Reins. Co. v. St. Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012). However, "arbitration awards are subject to very limited review," *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal brackets omitted), and "[a] party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances" delineated by the Federal Arbitration Act ("FAA") and case law, *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). Courts may vacate an arbitration award under the FAA where, *inter alia*, "the arbitrator[] exceeded [her] powers" as delineated by the parties' agreement to arbitrate. 9

2

U.S.C. § 10(a)(4). In addition, we continue to recognize "manifest disregard of the law" as a valid ground for vacatur as a "judicial gloss" on the grounds specified by Section 10 of the FAA. *T.Co. Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339-40 (2d Cir. 2010) (internal quotation marks omitted).[1] Here, Giller relies principally on manifest disregard of the law in support of his petition for vacatur.[2]

"Our review under the doctrine of manifest disregard is severely limited," *Duferco*, 333 F.3d at 389 (internal quotation marks omitted), and we will vacate an award on this ground "only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent," *T.Co. Metals*, 592 F.3d at 339 (internal quotation marks and brackets omitted). Such impropriety requires "more than error or misunderstanding with respect to law or an arguable difference regarding the meaning or applicability of laws urged upon an arbitrator." *Id.* (citation and internal quotation marks omitted). To carry this "exceedingly heavy burden," the petitioner must show that a "clear and plainly applicable" law "was in fact improperly applied, leading to an erroneous outcome." *Goldman Sachs Execution & Clearing, L.P. v. Official Unsecured Creditors Comm. of Bayou Grp., LLC*, 758 F. Supp. 2d 222, 225-26 (S.D.N.Y. 2010) (quoting *Duferco*, 333 F.3d at 390), *amended by* 2011 WL 2224629 (S.D.N.Y.

---

[1] Whether manifest disregard exists as an independent ground for vacatur remains uncertain. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1768 n.3 (2010) ("We do not decide whether manifest disregard survives our decision in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10." (citation and internal quotation marks omitted)).

[2] To the extent Giller relies on 9 U.S.C. § 10(a)(4) in urging us to vacate the arbitration award, his argument fails for essentially the same reasons as his argument that the arbitrator acted in manifest disregard of the law.

May 31, 2011), *aff'd*, 2012 WL 2548927 (2d Cir. July 3, 2012) (summary order). In short, we will enforce an arbitration award so long as there is a "barely colorable justification for the outcome reached." *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009) (quoting *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir. 2003)). We find no "egregious impropriety" in the arbitrator's denial of Giller's claims and accordingly affirm.

First, Giller argues that when the arbitrator denied his claim for breach of contract arising out of Oracle's change to his Sales Target and commission rates for future fiscal years, the arbitrator failed to address his separate claim of breach of the covenant of good faith and fair dealing pursuant to *Wakefield v. North Telecom, Inc.*, 769 F.2d 109 (2d Cir. 1985). We disagree. New York law does not treat a breach of the covenant of good faith and fair dealing claim as one that is *separate* from a breach of contract claim where the claims are based on the same facts. *See Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 80-81 (2d Cir. 2002) ("Under New York law, parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." (quoting *Fasolino Foods Co. v. Banca Nazionale del Lavoro*, 961 F.2d 1052, 1056 (2d Cir. 1992))). Rather, our decision in *Wakefield* recognizes two paths to establish a breach of contract claim: breach of the express terms or breach of "[i]mplied contractual obligations." *Wakefield*, 769 F.2d at 112.

Here, the arbitrator concluded that Giller's employment contract gave Oracle express authority to change his Sales Target from year to year, even if that change reduced the compensation that Giller was otherwise expecting to receive as CUNY issued yearly purchase orders for Oracle's services. We find no error, let alone "egregious impropriety," in the

4

arbitrator's decision to deny Giller's breach of contract claim based on the contractual terms instead of relying on the implied covenant of good faith and fair dealing. The contractual grounds on which the arbitrator relied on are more than sufficient for us to find a "barely colorable" justification for the decision reached. *See T.Co. Metals*, 592 F.3d at 339 ("Even where explanation for an award is deficient or non-existent, we will confirm it if a justifiable ground for the decision can be inferred from the facts of the case." (quoting *Stolt-Nielsen SA v. AnimalFeeds Int'l Corp.*, 548 F.3d 85, 93 (2d Cir. 2008), *rev'd on other grounds*, 130 S. Ct. 1758)).

Giller additionally argues that the arbitrator manifestly disregarded the law in interpreting the term "Sales Target" in his contract to include the likely forthcoming CUNY purchase orders. It is well-settled that the manifest disregard of law "standard essentially bars review of whether an arbitrator misconstrued a contract." *Id.* "Interpretation of . . . contract[ual] terms is within the province of the arbitrator and will not be overruled simply because we disagree with that interpretation." *Yusuf Ahmed Alghanim & Sons W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 25 (2d Cir. 1997). Indeed, we have suggested that an arbitrator's interpretation of the contract is "not subject to judicial challenge, particularly on our limited review of whether the arbitrator manifestly disregarded the law." *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 214 (2d Cir. 2002).

Giller primarily relies upon our opinion in *In re Marine Pollution Serv., Inc.*, 857 F.2d 91, 94 (2d Cir. 1988), where we held that we would not uphold an arbitration decision if the arbitrator has not actually interpreted the contract at issue and has instead merely made "noises" of contract interpretation. This case is far from mere "noises" of contract interpretation, and

5

nothing in the award suggests that the arbitrator here "based [her] award on some body of thought, or feeling, or policy, or law that is outside the contract." *Id.* (internal quotation marks omitted). The arbitrator found that the term "Sales Target," which was also defined in the contract as a "sales goal," could reasonably include these future purchase orders CUNY, which, even if "virtually assured" to issue, had not yet been booked and were not guaranteed. Giller points to no legal authority contrary to this interpretation, nor anything suggesting that arbitrator changed the contract and failed to hold the parties to their bargain rather than simply interpret the provision before her. *See Stolt-Nielsen*, 130 S. Ct. at 1775-76.

Giller's other arguments likewise fail. With respect to his claim for age discrimination, he contends that the arbitrator manifestly disregarded the law when she concluded that Oracle did not constructively discharge him. Again, we disagree. An employee is constructively discharged where his working conditions are "so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Terry v. Ashcroft*, 336 F.3d 128, 152 (2d Cir. 2003) (quoting *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 89 (2d Cir. 1996)). The arbitrator plainly applied the relevant standard and concluded that the evidence did not meet it. Giller's argument therefore amounts to a claim that the arbitrator evaluated the *evidence* incorrectly. "[T]he Second Circuit does not recognize manifest disregard of the evidence as [a] proper ground for vacating an arbitrator's award." *Wallace v. Buttar*, 378 F.3d 182, 193 (2d Cir. 2004) (quoting *Success Sys., Inc. v. Maddy Petroleum Equip., Inc.*, 316 F. Supp. 2d 93, 94 (D. Conn. 2004)).

Similarly, with respect to his claim for discrimination aside from constructive discharge, Giller argues that the arbitrator erred in concluding that Oracle had not discriminated against him

6

on the basis of age.  He contests the arbitrator's finding that he had "exhausted his usefulness" to Oracle, particularly in light of the fact that the arbitrator also found that he was "the highest producer in his Unit."  Again, this is a challenge to the arbitrator's evaluation of the evidence.  It is not a proper ground for vacatur.

We have considered all of the petitioner's remaining arguments and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK